Filed 6/29/23  P. v. Ackley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DONALD JOHN ACKLEY,<br><br>    Defendant and Appellant. | F085460<br><br>(Fresno Super. Ct. No. CF95552744)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Snauffer, J. and De Santos, J.

In 1996, appellant and defendant Donald John Ackley pleaded guilty to second degree murder (Pen. Code, §187, subd. (a))[1] and admitted he personally used a firearm (§ 12022.5, subd. (a)).  Appellant was sentenced to 15 years to life plus three years.[2]

In 2022, appellant filed a petition for resentencing pursuant to section 1172.6.[3] The superior court appointed counsel.  The People filed opposition and appellant's counsel filed a reply.  The court conducted a hearing on appellant's petition, and found he failed to make a prima facie showing because he was ineligible for resentencing.

On appeal, appellant's counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On May 11, 2023, this court sent an order to appellant stating his appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions; in accordance with the procedures set forth in

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] In 2012, appellant appeared at a Board of Parole Hearing and was sworn as a witness, and stated he argued with victim, appellant waived around a gun and pulled the trigger, the gun went off and the victim was killed.  Appellant stated he wasn't trying to kill the victim but declined to say it was an accident.  At the hearing on appellant's section 1172.6, the superior court declined to rely on the transcript of the board's hearing to determine whether appellant's petition stated a prima facie case.

[3] Appellant filed his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6, effective June 30, 2022, without further substantive changes.  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)  As such, we refer to the subject statute by its current number throughout this opinion.

*Delgadillo*, appellant had 30 days in which to file a supplemental brief or letter raising any arguable issues he wanted this court to consider; and if we did not receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

Since more than 30 days have elapsed, and we have received no communication from appellant, we consider his appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## **<u>DISPOSITION</u>**

The appeal is dismissed.